ALEXANDER S. DIVEN, RECEIVER OF THE YATES COUNTY
BANK, *v.* ELIZABETH LEE, EXECUTRIX, AND ALFRED
LEE AND THOMAS LEE, EXECUTORS OF THE LAST WILL OF
BENJAMIN LEE, DECEASED.

*Executor—Invalid Judgment—Accounting—Laws 1849, ch. 226.*

In an action by a judgment creditor, seeking to compel an executor to account before a Surrogate, with a view to enforce the collection of a judgment obtained under the Act of 1849 (ch. 226), seeking to enforce the responsibility of Stockholders of Banks, &c., the right of such creditor to maintain such proceeding before the Surrogate depends upon the validity of the judgment under which he claims.

Where it appears from the record of such judgment, that the facts necessary to give the Court jurisdiction had not been found, the ascertainment of which was a condition precedent to the rendering of such judgment, the judgment itself must be deemed invalid, and the supposed rights of the creditor under it cannot be maintained.

APPEAL from an order of the Supreme Court rendered at General Term in the fifth district, affirming an order of the Surrogate of Onondaga County dismissing proceedings instituted by the Plaintiff to compel the Defendants to account as executrix and executors of the will of Thomas Lee, deceased.

The facts sufficiently appear in the opinion.

SCRUGHAM, J.—The Appellant claimed the right as a creditor of the estate of Benjamin Lee, deceased, to compel the Respondents, as executrix and executors of his will, to account before the Surrogate of Onondaga County.

His character as such creditor depended upon the validity of the judgment which he had obtained in proceedings to enforce the responsibility of the stockholders of the Yates County Bank, under the Act of 1849 (chap. 226).

The stock from the holding of which the alleged responsibility arose, did not form part of the estate which was left by Benjamin Lee at his death, as the bank was not then in existence, nor did his will contain any direction or authority to the executors to invest any of the funds of the estate in such securities, and it is

not pretended that the investment was such as executors are authorized to make by law.

The stock could not, therefore, be properly considered the property of the estate, but rather that of the executors individually; and they, and not the estate, were responsible as stockholders.

Nevertheless, the judgment under which the Appellant claimed, declared Benjamin Lee to have been a stockholder in the bank, and directed the collection of $5,000 out of the assets in the hands of his executors, and the Surrogate was bound to regard it as valid, unless it appeared that the Court in making it acted without jurisdiction.

The proceedings under this act are of an anomalous character, and one only applicable to the particular business indicated in the act, to wit: the winding up of the affairs of banks of issue when default shall be made by them in the payment of any debt or liability contracted after the 1st of January, 1850, and the enforcement of the responsibility of their stockholders.

The means prescribed for acquiring jurisdiction over the persons of the stockholders are unknown to the common law, and quite different from those required in actions under the Code. Personal service of notice is not required in any code, and mere advertisement is sufficient as to all stockholders who do not reside in the county where the principal office of the corporation is situated.

Such a method of requiring jurisdiction may be justified in the case of a stockholder, by the supposition that from his connection with the bank, and his interest in proceedings affecting it, he would be likely to hear of a fact so notorious as that its affairs had passed into the hands of a receiver, and therefore that a notice left at his house, or published in a newspaper, would be efficient to give him knowledge of proceedings being taken to enforce his responsibility.

The entire inefficiency of such a method as to persons who are not so interested, and the limited object of the act as shown by its title and provisions, clearly indicate that the proceedings are to

be confined to stockholders; and that in it the Court is not to exercise jurisdiction over any who do not come within the definition of that term given in the 2d section of the act.

A careful reading of sections 17, 18, 19, and 20, will show that the jurisdiction of the Court to give judgment in the proceedings depends upon the ascertainment, in the manner provided by the act, of the fact that the person against whom it is given is a stockholder.

· If evidence is offered to establish the fact, and the Court passing upon it decide the question, the decision, though erroneous, will not render the subsequent judgment void, but only voidable; and the judgment will be conclusive until set aside or reversed by the Court which granted it, or by some other Court having appellate jurisdiction.

· But if, on the contrary, no proof whatever is offered of the fact, and it is not ascertained as provided by the act, the Court in proceeding to render judgment undertakes to dispense with a condition precedent upon which alone its right to give judgment in proceedings under this act is founded, and its act will be void. Gallatin *v.* Cunningham, 8 Cowen, 370.

The record which was produced before the Surrogate does not show that any evidence was offered to establish the responsibility of the estate of Benjamin Lee, deceased, as a stockholder of the bank, or that it was ascertained in any manner that his estate was chargeable as such, according to the rules and principles declared in the act.

The report of the referee, whose duty it was among other things, to ascertain the persons who were chargeable as stockholders, was not in any manner modified or amended by the Court, but was in all things ratified and confirmed, and it does not state that the estate is responsible, but that the executors are, individually.

The language of the report in this respect is as follows: "And I do hereby, in pursuance, &c., find, decide, and report, that the several persons whose names are embraced in the list of stockholders assessed in Schedule E, hereto annexed and forming a part of this

report, and to which I respectfully refer, are the stockholders of the said President, Directors, and Company of the Yates County Bank, who are responsible individually to the entire amount of the stock held by them for the debts, &c. ;" and the entry in the schedule is as follows : "Elizabeth Lee, Alfred Lee, and Thomas Lee, executors, &c., of Benjamin Lee, deceased."

In view of the fact that the act intends a discrimination in all cases where trust funds are invested in the stock, providing that the trustee shall be regarded as a stockholder, and individually responsible in case the investment shall have been made by him voluntarily, and expressly declaring that no trust funds in his hands shall be in any way liable under the provisions of the act by reason of any such investments ; it cannot be successfully contended that this report alleged the responsibility of the estate, or that its language is capable of any fair construction other than as a declaration of the individual responsibility of the executors, and that they are individually chargeable as stockholders. This being so, the Court was authorized upon the coming in of the report to make an order of confirmation, which should be final as a judgment against the executors individually.

It was not, however, concluded by the report, but the Justice holding the Special Term might hear the allegations of the parties and persons interested, and modify or amend the report, and afterward at Special Term confirm it as so amended.

In this proceeding it might doubtless be ascertained that the estate was chargeable, and not the executors individually, as alleged in the report, and then the order of confirmation might properly contain a direction that the sum charged in the apportionment against the executors, should be collected out of the assets in their hands as such.

As the Court, in which the proceeding is taken, is a Court of general jurisdiction, it is to be presumed that it acted within its jurisdiction in granting the judgment which it gave, unless the contrary appear; and it may be that the Surrogate would have been required to presume that the referee's report had been amended before confirmation, in such manner as to justify the

judgment, if such presumption were consistent with the declaration of the order of confirmation, in which the judgment is announced; but such presumption is entirely inadmissible in presence of the most important declaration of the order, that the referee's report is in all things ratified and confirmed.

It appeared, therefore, from the record itself, that it had not been ascertained that the estate was chargeable at the time the judgment was rendered; and as the ascertainment of that fact is a condition precedent to the judgment, directing that the amount charged against the executors on the apportionment should be collected out of the assets in their hands as such, the Court, in giving that judgment, acted without authority.

The order should be affirmed.

Judges PORTER, PARKER, GROVER, and DAVIES Ch.J., concurred.

Judges HUNT, WRIGHT, and BOCKES, were for reversal.

Order affirmed.